John S. Jagiela, Esq.
Attorney at Law
Suite 2000
134 Montrose Place
St. Paul, MN 55104
MN State Bar No. 49554
john.jagiela@att.net
Tel: (651) 646-7277

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| Craig K. Potts and | ) |
| Kristen H. Potts, | ) |
| | ) **Civil Action No.** |
| Plaintiffs, | ) |
| | ) **COMPLAINT FOR RELIEF FROM** |
| vs. | ) **ERRONEOUS AND ABUSE OF** |
| | ) **DISCRETION CERTIFICATION OF** |
| United States of America, Marco | ) **SERIOUSLY DELINQUENT TAX DEBT** |
| Rubio, Secretary of State, Scott | ) |
| Bessent, Secretary of Treasury | ) **Hon. _____** |
| and Frank J. Bisignano, Chief | ) |
| Executive Officer, Internal | ) |
| Revenue Service | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT FOR RELIEF FROM ERRONEOUS AND ABUSE OF DISCRETION CERTIFICATION OF SERIOUSLY DELINQUENT TAX DEBT

Plaintiffs Craig K. Potts and Kristen H. Potts ("Plaintiffs"), by and through their undersigned counsel, file this Original Complaint ("Complaint") against the United States; Frank J. Bisignano, in his official capacity as Chief Executive Officer of the Internal Revenue Service ("CEO of Internal Revenue"); Marco Rubio, in his official capacity as Secretary of State ("Secretary of State"); and Scott Bessent, in his official capacity as Secretary of the Treasury ("Treasury Secretary"), and for this cause of action state as follows:

### COUNT ONE

**The Certification of Plaintiffs Tax Debt as a Seriously Delinquent Tax Debt is Erroneous and an Abuse of Discretion**

1. The Notification to the U.S. Department of State by the Internal Revenue Service of Plaintiffs Seriously Delinquent Federal Tax Debt Certification by Letter dated May 11, 2026, Notice CPS08C ("Notice of Seriously Delinquent Tax Debt"), is erroneous and an abuse of discretion of the Internal Revenue Service.

2. Plaintiffs Outstanding Federal Tax Debt is not Seriously Delinquent within the meaning of 26 U.S.C. § 7345 because:

2

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

(i)     Plaintiffs are diligently trying to pay the Outstanding Tax Liabilities in a timely manner and have entered into an Agreement with the Internal Revenue Service ("IRS") pursuant to which the IRS has agreed to allow the Plaintiffs four months to obtain the funds to pay the Tax Liabilities by selling Assets and obtaining the proceeds from Financings from Banks and Private Lenders;

(ii)    Collection Actions relative to the Tax Debt identified in the Notice of Seriously Delinquent Tax Debt have been suspended because of an Offer in Compromise-Doubt as to Liability that was filed by the Plaintiffs and which Plaintiffs have filed an Appeal on the basis of the erroneous and abuse of discretion return of the Offer in Compromise; and

(iii)   Plaintiffs have a pending Request for a Due Process Hearing relative to the Tax Debt identified in the Notice of Seriously Delinquent Tax Debt.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction pursuant to 26 U.S.C. § 7345.

4.      Venue is proper in this Court under 28 U.S.C. §§ 1391, 1396, and 1402 because Plaintiffs reside in the District of Arizona.  In addition, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

## THE PARTIES

5. Plaintiffs Craig K. Potts and Kristen H. Potts are husband and wife and reside with their four children in Scottsdale, Arizona in the County of Maricopa.

6. Defendant United States may be served by sending a Copy of the Original Complaint and the Summons by Certified USPS Mail to Timothy Courchaine, United States Attorney for Arizona, Two Renaissance Square, Suite 1800, 40 N. Central Avenue, Phoenix, AZ 85004-4449 and by sending a Copy of the Original Complaint and the Summons by Certified USPS Mail to Todd Blanche, Attorney General of the United States, at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

7. The IRS is an executive agency of the United States within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 and 701(b)(1), and a bureau of the United States Treasury with head offices in Washington, D.C. Defendant Frank J. Bisignano the CEO of Internal Revenue and is being sued in his official capacity. Defendant Frank J. Bisignano, in his capacity as CEO of Internal Revenue, may be served by sending a Copy of the Original Complaint and the Summons by Certified USPS Mail to Frank J. Bisignano, in his capacity as CEO of Internal Revenue, 1111 Constitution Avenue, NW, Washington, D.C. 20224.

8. The United States Department of State is an executive agency of the United States within the meaning of the APA, 5 U.S.C. §§ 551 and 701(b)(1), with a principal

4

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

location in Washington, D.C. Defendant Marco Rubio is the Secretary of State and is being sued in his official capacity. Defendant Marco Rubio, in his capacity as Secretary of State, may be served by sending a Copy of the Original Complaint and the Summons by Certified USPS Mail to The Executive Office, Office of the Legal Adviser, Suite 5600, 600 19th Street NW, Washington, D.C. 20522.

9. The United States Treasury Department is an executive agency of the United States within the meaning of the APA, 5 U.S.C. §§ 551 and 701(b)(1), with a principal location in Washington, D.C. Defendant Scott Bessent is the Secretary of the Treasury and is being sued in his official capacity. Defendant Scott Bessent, in his capacity as Secretary of the Treasury, may be served by sending a Copy of the Original Complaint and the Summons by Certified USPS Mail to Scott Bessent, Secretary of the Treasury c/o United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, Washington, D.C. 20530-001.

## FACTS AND PROCEDURAL HISTORY

### 26 U.S.C. § 7345 (b)(2) Precludes the IRS From Certifying Plaintiffs Tax Debt As Seriously Delinquent Tax Debt

10. Plaintiffs entered into an agreement with the IRS Collections Glendale Arizona Office to allow Plaintiffs time without further IRS Collection Actions for Plaintiffs to obtain the funds to pay the Tax Liabilities by selling Assets and obtaining the proceeds from Financings from Banks and Private Lenders.

5

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

11.    Plaintiffs filed by Certified USPS Mail on April 28, 2026 a Request for Appeal of Offer in Compromise (Form 13711) dated April 25, 2026 on the basis that the Rejection of their Offer in Compromise is an IRS Abuse of Discretion and is not a legally effective basis for Rejection

12.    Plaintiffs filed by Certified USPS Mail on May 19, 2026 a Request for a Due Process Hearing (Form 12153) dated May 13, 2026  relative to the Plaintiffs Outstanding Tax Liabilities for the Taxable Years Ending December 31, 2005, 2008, 2009, 2010 and 2012 identified in the Notice of Seriously Delinquent Tax Debt.

**The IRS Glendale AZ Office Notice to the U.S. Dept. of State That the Plaintiffs Tax Liabilities Have Been Certified as Seriously Delinquent Federal Tax Debt is Intended to Make it Impossible for Plaintiffs to Pay Their Outstanding Tax Liabilities**

13.    The Notification to the U.S. Department of State by the Internal Revenue Service of Plaintiffs Seriously Delinquent Federal Tax Debt Certification by Letter dated May 11, 2026, Notice CPS08C, is solely intended to damage and destroy Plaintiffs Businesses in the Turks & Caicos and make it impossible for the Plaintiffs to obtain funds from these businesses to pay their Tax Liabilities.

14.    The IRS Glendale AZ Office is using the Notice of Seriously Delinquent Tax Debt to intimidate and harass Plaintiffs in violation of the Internal Revenue Manual on

6

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

IRS Collection Procedures and Policies and are outside the scope of IRS normal Collection Actions.

15.    In addition to the Notification to the U.S. Department of State by the Internal Revenue Service of Plaintiffs Seriously Delinquent Federal Tax Debt Certification the IRS Glendale AZ Office served Notices of Levy on 27 of the Plaintiffs most significant Banking and Business Relationships which has made it extremely difficult and possibly impossible for the Plaintiffs to obtain the funds to pay their Tax Liabilities using their established Banking Lines of Credit and Private Business Loans because of the uncertainty that was caused by the Notices of Levy.

16.    Even worse, the Notices of Levy caused certain Banks to CALL LOANS AND FREEZE THE LINES OF CREDIT where the Plaintiffs had existing Lines of Credit that would have allowed Plaintiffs to draw down on the available Lines.

17.    Deerwood Bank in Minnesota is an example of a Bank at which Plaintiffs had a long standing relationship and Lines of Credit that would provide them with up to $10 Million of Line of Credit Loans.

18.    After receiving the Notice of Levy Deerwood Bank advised Plaintiffs that the Bank was calling all of the Plaintiffs existing Loans and terminating their Lines of Credit.

19.    Plaintiffs also arranged for a Line of Credit in February 2026 with United Bankers Bank ("UBB"), Richfield MN.

7

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

20.    Plaintiffs obtained other Credit Facilities in the past from UBB.

21.    UBB has provided Loans to Plaintiffs of more than $10 Million over the past 20 years.

22.    The IRS served a Notice of Levy on UBB on February 27, 2026.

23.    The Notice of Levy caused UBB to withdraw its Commitment to make the Line of Credit Loan.

24.    The extreme Collection Actions taken by the IRS since the Plaintiffs Attorney met with the IRS on January 8, 2026 have been intended to harass and intimidate the Plaintiffs and have permanently damaged and destroyed Plaintiffs long standing Banking and Business Relationships.

25.    The IRS advised Plaintiffs Attorney at that Meeting that the Plaintiffs should sell everything they have, including their Personal Residence, to pay their Tax Debt.

26.    The IRS knows full well that it is not in the best interests for the IRS or the Plaintiffs for the Plaintiffs to sell Assets that generate cash which can be used to pay their Tax Liabilities.

27.    It is obvious the IRS Collection Actions, including the Notification to the U.S. Department of State by the Internal Revenue Service of Plaintiffs Seriously Delinquent Federal Tax Debt Certification,  are solely intended to harass and intimidate the Plaintiffs.

8

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

28.    The IRS has always provided Taxpayers time to obtain the funds required to pay Outstanding Tax Balances.

29.    The IRS does not require a Taxpayer to sell their Personal Residence.

30.    The demands made by the IRS at the initial meeting with Plaintiffs Attorney were inconsistent with IRS Policies and Guidelines and were intended solely to harass and intimidate Plaintiffs which is not the function of the IRS.

31.    Notwithstanding the destructive Collection Actions taken by the IRS over the last 4 Months, the Plaintiffs have diligently taken steps to obtain funds to pay off their Outstanding Tax Liabilities and have paid the IRS $4,279,815.27 since the January 8, 2026 Meeting with the IRS.

**Plaintiffs Claims under 26 U.S.C. § 7345**

32.    Pursuant to 26 U.S.C. § 7345, if the Treasury Secretary receives certification by the Commissioner of Internal Revenue that an individual has a seriously delinquent tax debt, the Treasury Secretary shall transmit such certification to the State Department for action with respect to denial, revocation, or limitation of that individual's passport.

9

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

33.     For these purposes, the term "seriously delinquent tax debt" means an unpaid, Federal tax liability of an individual which has been assessed, is greater than $50,000, and with respect to which a notice of tax lien or levy has been made and which does not fall within one of the Exceptions provided for in 26 U.S.C. § 7345 (b)(2).

34.     Under 26 U.S.C. § 7345(c)(1), the Commissioner of Internal Revenue is required to notify the Treasury Secretary (and the Treasury Secretary is required to notify the State Department) if a certification is found to be erroneous or if the debt relating to the certification is fully satisfied or ceases to be seriously delinquent tax debt.

35.     After the Commissioner notifies an individual of a seriously delinquent tax debt certification, the taxpayer may bring a civil action against the United States in a federal district court to determine whether the certification was erroneous or whether the Commissioner of Internal Revenue has failed to reverse the certification. 26 U.S.C. § 7345(e)(1).

36.     The Notice of the Seriously Delinquent Tax Debt Certification in this case is erroneous because the Plaintiffs Tax Debt is within the Exception to the classification of a Seriously Delinquent Tax Debt  and the term does not include Tax Debts that fall within one of the Exceptions provided for in 26 U.S.C. § 7345 (b)(2).

37.     The Plaintiffs Tax Debt falls within all of the Exceptions to the Term Seriously Delinquent Tax Debt provided for in 26 U.S.C. § 7345 (b)(2).

10

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

## DEMAND FOR JURY TRIAL

38.    Plaintiffs Demand a Jury Trial pursuant to Rule 38 of the Rules of Civil Procedure on all of the triable issues in the case.

## PRAYER FOR RELIEF

39.    WHEREFORE, Plaintiffs Craig K. Potts and Kristen H. Potts pray that this Court enter a Judgment against Defendants and

40.    Issue declaratory and injunctive relief to which Plaintiff is entitled finding the Notice of the Seriously Delinquent Tax Debt Certification in this case is erroneous because the Plaintiffs Tax Debt is within the Exception to the classification of a  Seriously Delinquent Tax Debt  and the term does not include Tax Debts that fall within one of the Exceptions provided for in 26 U.S.C. § 7345 (b)(2) and ORDER that the Certification must be REVERSED AND WITHDRAWN by the IRS;

11

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint

41.   Award Plaintiffs reasonable litigation costs incurred in this proceeding pursuant to 26 U.S.C. § 7430 and attorney fees pursuant to 28 U.S.C. § 2412; and

42.   Grant such other and further relief as the Court deems just and proper.

Dated this 10th day of June, 2026

Respectfully submitted,

By   s/John S. Jagiela

John S. Jagiela
Suite 2000
134 Montrose Place
St. Paul, MN  55104
Telephone:  (651) 646-7277

E-Mail: john.jagiela@att.net

ATTORNEY FOR PLAINTIFFS

Craig K. Potts and Kristen H. Potts

(pro hac vice)

MN Atty Registration No. 49554

12

Craig K. Potts and Kristen H. Potts v. United States et. al.
Case File No.
Complaint